# The St. Anthony Falls Water Power Company

## v.

## William Q. Greely.

Under an act requiring from the city clerk of the city of St. Anthony, a return of all taxes assessed for the year 1863, or any previous year or years which remain "delinquent and unpaid," &c., a return under the hand of the clerk and the official seal of the city, of a list of all such taxes which remain "delinquent or unpaid," is defective, and confers no authority to sell the lands for such taxes.

A certificate attached to said return, signed by the mayor and city clerk, "that the foregoing is a true and correct list of all lands sold by and forfeited to the city of St. Anthony, for unpaid taxes, and of all taxes levied and assessed in said city, remaining delinquent and unpaid on the first day of April, 1864, and for the different years as stated in said list and return hereinbefore written," did not cure the defect in the return.

The 13th Section of Chapter 8, of the amended charter of St. Anthony, Sp. Laws, 1859–60, pages, 14, 15, renders necessary the publication of the notice specified in that section, or a personal demand of the tax payer; until this is complied with, the collector cannot proceed to enforce the collection of the tax.

The neglect or refusal of the tax payer to pay the tax for thirty days after the first publication of the notice, or perhaps, if it is impossible to give the notice, after personal demand, is necessary to render the tax delinquent.

Where, as to the tax of 1863, no notice was given, nor demand made, the tax was not delinquent, and was not, therefore, embraced within Chapter 18 of the Special Laws of 1864, and was improperly returned to the Auditor, and as such tax constitutes part of the amount for which the sale was made, upon which the deed in question was given, the sale was illegal and void, and the deed must be set aside.

The mere neglect to redeem the land, or pay the taxes, as provided in the act of 1864, did not work such a forfeiture as of itself to divest the plaintiff's title and prevent him from maintaining an action against the purchaser at the tax sale, to test the validity of the proceedings.

vol. xi.—21

Action brought in the District Court for Hennepin County, to remove a cloud from plaintiff's title. Cause tried before the court, without a jury. After the plaintiff had introduced testimony and rested, the defendant moved for a dismissal of the action, on the ground of failure of evidence to sustain the action; which motion was granted, and a judgment of dismissal entered. A bill of exceptions was filed; the plaintiff removes the cause to this court by writ of error. A sufficient statement of the case appears in the opinion of the court.

BIGELOW & CLARK, for plaintiff in error.

D. A. SECOMBE, for defendant in error.

*By the Court*—McMILLAN, J.—This is an action brought to remove a cloud from the plaintiff's title. The alleged cloud consists in a tax deed from the auditor of Hennepin county, for certain real estate, described in the complaint. The proceedings which are the basis of the tax deed, were conducted under a special act of the Legislature, entitled, "An act to provide for the return and collection of delinquent taxes in the city of St. Anthony, Hennepin county," approved February 19, 1864. Sp. Laws 1864, Ch. 18.

The 8th section of the act requires that, "any person or persons having or claiming any right, title or interest, in or to any land or premises, after a sale thereof under the provisions of the act, adverse to the title or claim of the purchaser at such sale, himself, his heirs or assigns, shall, within one year from the time of the recording of the tax deed for said premises, commence an action for the purpose of testing the validity thereof, or be forever barred in the premises." The tax deed in this instance was recorded on the 17th of June, 1864, and this action was commenced May 15, 1865, within the time limited by the last section, for commencing an action for the purpose therein specified. The first point raised

on the argument by the plaintiff in error is, that "the return made to the county auditor, by the clerk of the city of St. Anthony, was not in accordance with the requirements of the first section of chapter 18 of the Special Laws of 1864, and it gave the auditor no jurisdiction to advertise or sell under said chapter."

This objection must be sustained. The return made to the county auditor by the city clerk of St. Anthony, under his hand and the official seal of the city, purports to be, among other things, "a list of all lands within the limits of said city, upon which there remained, on the 1st day of April, 1864, any delinquent *or* unpaid taxes, for the year 1863, or any previous year or years, and a list of all taxes assessed by said city for the year 1863, or any previous year or years, which remain delinquent *or* unpaid, on said first day of April, together with the year and purpose for which the same was levied." The act in question provides that the city clerk shall return to the county auditor, among other things, "a list of all taxes assessed by the city of St. Anthony, for the year 1863, or any previous years, whether general, special, school, or road taxes, which remain unpaid and delinquent on the first day of April, 1864; said list shall contain a full and exact description of each tract, parcel, or lot of land or property * * upon which any tax may remain due and unpaid, and shall state particularly for what years said tax was levied; * * said list, so made, shall be signed and certified by the city clerk, and by the mayor of the city of St. Anthony, under the city seal, as a true and correct list of all lands sold by and forfeited to the city of St. Anthony, for unpaid taxes, and of all taxes assessed and levied in the said city, and remaining delinquent and unpaid, for the different years, as stated in said return." Sp. Laws, 1864, Ch. 18, Sec 1, pp. 264–5.

The difference between the list required by the act, and that returned by the city clerk is obvious. The former is of taxes delinquent *and* unpaid, while the latter is of taxes delinquent

*or* unpaid.   The distinction is an important one.   Taxes subsist and are unpaid from the time they are levied until they are actually collected.   To render taxes delinquent, they must be unpaid after the time limited or specified for their payment.   In this instance, the amended charter of the city of St. Anthony provides that "neglect to pay such taxes within thirty days after the publication of the notice prescribed in Sec. 13, Ch. 8, of the charter, shall be deemed a refusal to pay the same."   Sp. Laws, 1859–60, pp. 14–15.   Until the expiration of thirty days after the first publication of the notice prescribed by this section, the taxes are not delinquent, although they are unpaid, and may be discharged at the election of the tax payer.   The list returned purports to include all unpaid taxes whether delinquent or not; the act limits the return to such unpaid taxes as are delinquent.   The certificate signed by the mayor and the city clerk, does not, we think, cure this defect.   The certificate is "that the foregoing is a true and correct list of all lands sold by, and forfeited to the city of St. Anthony, for unpaid taxes, and of all taxes levied and assessed in said city, remaining delinquent and unpaid on the 1st day of April, 1864, and for the different years as stated in said list and return hereinbefore written." If the language of the certificate is to have any different construction from the return itself, made by the clerk with much formality, it must be ineffectual for the purpose it was intended.   The return is the principal instrument; the certificate is merely to authenticate it.   The return on its face shows that it embraces taxes delinquent *or* unpaid, while the certificate is, that it embraces taxes delinquent *and* unpaid; the former contradicting the latter, the authentication must fail.   But the concluding language of the certificate, "as stated in said list and return hereinbefore written," would seem to qualify all that precedes it, and make it in effect a certificate that the return is a true and correct list of what it purports to return. A reference to the language of the act prescribing this certifi-

cate, would seem to render this construction necessary, since the language of the certificate is almost identical with that of the law.   Sp. Laws 1864, Ch. 18, Sec. 1, concluding sentence, cited *ante.*   The return was essential to authorize the auditor to sell, and as it did not conform to the act requiring it, in the matter designated, was fatally defective; and conferred no jurisdiction on the auditor to sell.   The importance of the principle involved in this question is forcibly illustrated in the further objection made by the plaintiff in error, which is equally fatal to the tax sale, namely :

2.   That the return did comprise taxes which were not then and are not yet delinquent.   The return embraces taxes on the premises in question for city, school and bond purposes respectively, for the year 1863, and these were a portion of the taxes for which the land was sold by the auditor.   It is well settled that if lands are sold for taxes, any portion of which is illegal, the sale is void.   In the exercise of the power conferred by the city charter, the collector of taxes must comply with all the prerequisites to the exercise of the power. 4 Wheat. page 77.

The 13th section of chapter 8, of the amended charter of St. Anthony, provides that, " on receiving the said tax list, the collector  *   *   *   shall give notice by publication for one week in the official paper of said city, to the tax payers thereof, that he has received such tax list, and requiring them, within thirty days from the first publication of such notice, to pay such taxes to him, and the publication of such notice shall be deemed equivalent to a personal demand; and neglect to pay such taxes within thirty days after the publication of such notice, shall be deemed a refusal to pay the same."   Sp. L. 1859–60, pages 14 and 15.   This provision renders necessary either a personal demand of the tax payer, or the publication of the notice specified in that section as equivalent to such demand.   Until this is completed, the collector cannot proceed to enforce the collection of the tax.   Blackwell on Tax Titles,

pages 204–7; *Parker v. Rule's Lessee*, 9 Cranch, page 64; *Jackson v. Shepard*, 7 Cow. page 88; *Thompson v. Gardner*, 10 Johns. R. page 404. Upon the trial of the cause, it was proved that no personal demand for the taxes of 1863 was made on the plaintiff. It was also proved that a paper was published in St. Anthony, called the " State News," in March, 1863, and was then removed to Minneapolis, and published in St. Anthony and Minneapolis until the 31st of October, 1863, and no paper has been published in St. Anthony since it ceased; that the collector was not appointed till the fall of the year; that at the time of its removal, the " State News " was the official paper of the city of St. Anthony; the notice required by the act was never published in that paper, nor any other. This rebuts the effect of the deed as *prima facie* evidence. The neglect or refusal of the tax payer for thirty days after the first publication of the notice mentioned in the act, or, perhaps, if it was impossible to give the notice in the manner specified, after a personal demand, constitutes the fault of failure of duty of the tax payer, and renders the tax delinquent, and until this transpires, the tax is not delinquent. As the notice was not given, nor any demand made in this case, the tax is not delinquent, and is not, therefore, embraced within the act of 1864, and was improperly returned to the auditor, and as the tax constitutes part of the amount for which the sale was made, which forms the basis of the deed in question, the sale was illegal and void, and the deed must be set aside. It is urged by the defendant in error, that even if the sale to the defendant is void, the plaintiff has no title to the land by reason of the said forfeiture. This position is not tenable. The mere neglect to redeem the land or pay the taxes, as provided in the act of 1864, did not work such a forfeiture as of itself to divest the plaintiff's title, and prevent the plaintiff from maintaining an action against the purchaser at the tax sale to test the validity of the proceedings. *Thevenin v. Slocum's Lessee*, 16 Ohio, pages 519, 532.

The determination of these objections go not only to the present action, but we think must settle the rights of the parties in the premises. It is therefore unnecessary to consider any other of the numerous objections raised in the case. The motion to dismiss the action should not have been granted.

The judgment and order must be reversed, and a new trial awarded.

Berry, J.—I concur in the disposition made of this case, upon the second ground referred to in the opinion, viz : That the sale was invalid, because non-delinquent taxes were included in the amount for which the property was sold.