THOMAS LOWRY *vs.* FREDERICK G. MAYO.

August 9, 1889.

Estoppel—Procuring One to Execute Instrument in Another's Name.
A party who procures an instrument to be executed in the name of another without authority is estopped from disputing the validity thereof as against any one acting upon the faith of its genuineness.

Foreclosure by Advertisement by Assignee—Acknowledgment and Record of Assignment.—To authorize the foreclosure by advertisement of a mortgage by an assignee thereof, the assignment must have been duly acknowledged and recorded; and if the same is not properly acknowledged, so as to entitle it to be recorded, the foreclosure is a nullity.

Same—Curative Act—Previous Foreclosure.—The act of February 27, 1885, validating the record of conveyances previously made, could have no effect upon previous foreclosures, or deprive land-owners of their right to redeem mortgaged premises.

Estoppel—Evidence.—Evidence *held* insufficient to authorize the decision of the trial court holding that the defendant was conclusively estopped from disputing plaintiff's title, and taking the case from the jury.

Appeal by defendant from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial after verdict directed for plaintiff.

*E. E. Cooley* and *W. E. Akers*, for appellant.

*Koon & Semple*, for respondent.

VANDERBURGH, J. This action is brought to recover possession of a quarter-section of land occupied by the defendant. Each party claims to have the title in fee. The plaintiff claims to have derived title under a mortgage executed by defendant to one Rollins, to secure the sum of $2,000 and interest, payable three years after date. In February, 1879, this mortgage was assigned by Rollins to one Reuben Mayo, the defendant's brother, but remained in the possession of the defendant till March 7, 1879, when, at Osceola, in the county of Polk, in the state of Wisconsin, the defendant executed an assignment of the mortgage to Farnham & Lovejoy of Minneapolis, in the name, but without the authority, of Reuben; and attached to the assignment is a certificate of acknowledgment of the same, purporting to be made by the court commissioner of Polk county, Wis., of the date last mentioned, but such certificate is not authenticated in any manner. Defendant soon after delivered the mortgage with the assignment to Farnham & Lovejoy, who held the rest of his property in trust to pay debts, and the evidence tends to show that they received and held the mortgage in the same way. The next year, in June, 1880, they caused both the assignments above referred to to be recorded in the office of register of deeds of the proper county. Farnham & Lovejoy afterwards proceeded to foreclose the mortgage in question as assignees, by advertisement, and the premises were bid off by them under such proceedings on the 25th day of February, 1882, at the price and sum of $2,780. Defendant was in actual possession and occupation of the premises, and was duly served with notice of the foreclosure, as required by the statute. Farnham & Lovejoy afterwards, in 1885, conveyed the premises by warranty deed to one Winthrop Young, and the latter conveyed the same to the plaintiff, in May, 1886, for the consideration recited in the deed of $14,000.

1. The defendant is estopped, by his own acts in procuring and delivering the last assignment of the mortgage, as against any one acting upon the faith of its genuineness, from disputing the validity thereof.

2. The assignment purporting to have been made by Reuben Mayo was not acknowledged before a proper officer, nor was the acknowledgment duly certified and authenticated, as required by the laws of this state, so as to authorize the assignment to be recorded. The record, therefore, is a nullity, and the foreclosure proceedings unauthorized and void. *Ross* v. *Worthington*, 11 Minn. 323, (438;) *Thorp* v. *Merrill*, 21 Minn. 336. As the record of an assignment is a necessary condition to a valid foreclosure by advertisement, the defendant's failure to object to the foreclosure proceedings after notice, or a parol license from him to the holders of the mortgage authorizing them to foreclose, would be no waiver of the defect and could not operate to validate the sale.

3. The act of February 27, 1885, (Laws 1885, *c.* 179,) makes the record of all conveyances of real estate, whether properly admitted to record or otherwise, *prima facie* evidence of the contents of the original instruments of which they purport to be the records, " and all such records shall in all respects have the same force and effect as they would have if such original instruments, at the time they were so recorded, had been legally entitled to record, * * *: *provided,* that nothing in this act shall be held to affect any vested rights." At the time of the passage of this act the legal title of the premises still remained in the defendant, subject to the mortgage,—Farnham & Lovejoy having failed to acquire title under the foreclosure; and whatever effect the curative statute might have as to future proceedings, it could not give legal validity to a previous void foreclosure, or divest defendant's title, or deprive him of his right to redeem the mortgaged premises. *Willis* v. *Jelineck,* 27 Minn. 18, (6 N. W. Rep. 373;) *O'Brien* v. *Krenz,* 36 Minn. 136, (30 N. W. 461.)

4. The record is entirely insufficient to show that the transfer by Farnham & Lovejoy to Young was so influenced or encouraged by the defendant as to work an estoppel against him. And while it is not clear that he understood what his exact legal rights in the land were, or whether he had any left, he manifested a disposition all along to hold on to the possession of the premises, which embraced his homestead. The case, then, turns finally upon the question whether the defendant has by his conduct estopped himself

from denying that the plaintiff acquired a good title by his deed from Young, and more especially whether the evidence on the subject was so clear and unequivocal as to warrant the court to hold it sufficient to conclude the defendant's title as a matter of law, and to justify it in withdrawing the case from the jury. It will be observed that the estoppel, if any, in question does not operate upon any claim or matter not appearing of record, or upon the genuineness of a record, or upon the adverse claim of a stranger to the title under which plaintiff claims, but upon the title which plaintiff claims to have acquired from the defendant through the mortgage and the proceedings in the execution of the power of sale therein; that is, the estoppel must operate to bar his equity of redemption in the land as completely as if the foreclosure had been in fact valid, or he had conveyed it to the plaintiff by quitclaim deed. Whether the ·facts in this case would support the estoppel claimed if the issue were found in plaintiff's favor by a jury, is a matter upon which we do not now express any opinion, in view of another trial, upon which the same and additional evidence may be introduced. But we are all agreed that the evidence did not justify the direction of the court in taking the case from the jury. It was at least a question for the jury upon the evidence whether the acts and admissions of the defendant were such as, under the circumstances, were calculated to mislead, and whether they did in fact mislead and were relied on by the plaintiff, so as to prejudice him unless the defendant should be held to be estopped from asserting the invalidity of the foreclosure; in other words, whether the plaintiff, acting in good faith and without negligence on his part, was induced to make a purchase which he would not otherwise have made but for the alleged conduct of the defendant. *Brown* v. *Bowen*, 30 N. Y. 519, 541; *Trenton Banking Co.* v. *Duncan*, 86 N. Y. 221, 230.·

Order reversed.