DILLWYN WISTAR and others *vs.* THOMAS FOSTER and Wife.

July 3, 1891.

**Constitution— Act Legalizing Sole Deeds of Married Women.**—The deed of a married woman executed in good faith without the concurrence of her husband may be legalized by legislative enactment.

**Same—Act Taking Away Inchoate Rights of Husband.**—And the inchoate rights of the husband living, in lands so conveyed, may also be taken away in like manner.

**Same—Act held Retrospective.**—Laws 1889, c. 103, legalizing the deeds of married women after judgment of divorce, in the cases therein specified, notwithstanding defects in the service of process in the divorce proceedings, is retrospective as well as prospective in its operation, and is valid.

Appeal by defendant Thomas Foster from a judgment of the district court for St. Louis county, where the action was tried by *Mills, J.*

*Spencer & Washburn,* for appellant.

*Cash & Williams* and *W W. Billson,* for respondents.

VANDERBURGH, J.[1] This action is brought by the plaintiffs, claiming to be the owners of the land described in the complaint, to determine the adverse claim of the defendants. The defendants' answer shows that they were married in 1842, and are still husband and wife, and that on the 24th day of November, 1885, the defendant Hannah C. Foster was the owner in fee of the land, and on that day she executed a deed thereof to the plaintiff Wistar, but that the defendant Thomas Foster did not join therein, and has not executed any instrument conveying or releasing such lands. These facts are found by the court, but it also appears that a judgment of divorce, regular in form, was granted and duly entered in favor of the defendant Hannah against the defendant Thomas, in the district court of St. Louis county, on the 30th day of May, 1877. Mrs. Foster, the plaintiff in the action, was a resident of St. Louis county at that time, and for a long time previous thereto; but her husband, Thomas

---

[1] Collins, J., took no part in this case.

Foster, was a non-resident, and the service of the summons was attempted to be made upon him by publication, but, in consequence of irregularities in the proceedings, no valid legal service of the same was made. He, however, had notice of the proceedings, and received a copy of the complaint in season to appear and answer, if he so desired. On the contrary, he informally notified the court that he was willing that the divorce should be granted. No appeal was taken from the judgment, and no attempt made to set it aside, but the same is void for want of jurisdiction, for the reason stated. Mrs. Foster afterwards sold and conveyed the land, as above stated, for the sum of $6,000, the consideration of the deed referred to, which sum she actually received. The court also finds that in making the purchase of the lands of the defendant Hannah C. Foster the plaintiffs acted in good faith, in the belief that by reason of the divorce proceedings she had the legal right to make such conveyance. The purchase was made by Wistar in behalf of all the plaintiffs, and he thereafter conveyed to his co-plaintiffs undivided interests in the premises.

Conceding the deed to have been invalid on account of the legal incapacity of Mrs. Foster to make the same unless her husband should join therein, the case turns upon the question whether it was legalized and established by Laws 1889, c. 103. This chapter is an amendment to Gen. St. 1878, c. 69, § 2, in relation to contracts of married women, and provides "that any deed, mortgage, or other conveyance of land in this state, heretofore or hereafter made in good faith for a valuable consideration by an adult woman, without any husband having joined therein, but after judgment of any district court of this state, remaining in full force, adjudging the nullity of her marriage, or granting her a divorce from bonds of matrimony or from bed and board, shall be as valid and effectual, to all intents and purposes, as if she had never been married, any defect in the service of the summons or complaint in the action for such relief or divorce to the contrary notwithstanding: *provided*, nevertheless, such deed, mortgage, or other conveyance was made after expiration of the time allowed by law to appeal from such judgment: *and provided, further,* that the defendant in such divorce proceedings actually received the

summons and complaint, or had, before entry of such judgment, actual knowledge of the pendency of such action, so that he could have defended the same, which shall appear by the records in the case, or be made to appear to the satisfaction of the court."

It is clear that the legislature might, in the first instance, have clothed married women with the power to convey their separate real estate without any conditions or restrictions, as if unmarried; and, where there is no constitutional provision prohibiting retrospective legislation, it is a well-settled rule that whatever the legislature might have dispensed with in advance it may dispense with retrospectively, by enacting that its omission shall not prejudice. *Sinclair* v. *Learned,* 51 Mich. 335, 345, (16 N. W. Rep. 672,) and cases. And in regard to contracts defectively executed, the healing act merely gives effect to the intention of the parties, and enforces an equity, by simply taking away the right of the party to avoid his contract,—a naked legal right, which the legislature may take away. Cooley, Const. Lim. 446. "The benefit which he received as the consideration of the contract which, contrary to law, he has actually made, is just ground for imposing upon him by subsequent legislation the obligation or liability he intended to incur." *Ewell* v. *Daggs,* 108 U. S. 143, 151, (2 Sup. Ct. Rep. 408.) It is not like an attempt by legislative enactment to validate a judgment void for want of jurisdiction; for the legislature could not authorize such a judgment, and the procedure would be without due process of law. Nor does it impair the obligation of the contract; for a contract invalid, or for the enforcement of which the law affords no remedy, cannot be said to be impaired by validating it, or affording a remedy for its enforcement. *Gross* v. *U. S. Mortgage Co.*, 108 U. S. 477, 488, (2 Sup. Ct. Rep. 940.) The deed of a married woman, executed without the concurrence of her husband, may therefore be legalized; and the inchoate right of the husband in lands so conveyed by her may also be taken away by act of the legislature. This proposition we understand to be conceded by the defendant, and is supported by the decision in *Morrison* v. *Rice,* 35 Minn. 436, (29 N. W. Rep. 168.) So that, if the deed in question here falls within the provisions of the statute above quoted, it is to all intents and purposes as valid and

effectual as if the grantor, Mrs. Foster, had never been married, and hence free and clear of any contingent right, claim, or interest of her husband. The statute we are considering was undoubtedly passed to legalize transactions of the character in question here, and to protect parties purchasing the separate property of married women on the faith of the validity of a judgment of divorce, invalid in fact for want of jurisdiction. Where a court, upon inspection of the record of the proceedings, has ordered judgment, which has been entered in due form, it is not surprising that laymen should honestly and in good faith be misled, and accept as valid what parties in interest have not questioned, especially after considerable lapse of time.

The facts found clearly bring the case within the provisions of the statute. The transaction has all the *indicia* of good faith, and the purchase is found to have been entered into in good faith, and was for a valuable consideration paid. Parties may act in good faith, under an honest mistake of their strict legal rights to property, notwithstanding the records may disclose defects which impair them. The doctrine of constructive notice is not applicable to this class of cases. The statute is based upon the assumption that there may be such mistakes; and in some cases they form the basis for equitable relief. *Gerdine* v. *Menage*, 41 Minn. 417, (43 N. W. Rep. 91,) and cases. The terms "good faith," in this act, are evidently used in their ordinary and popular sense, referring to the actual knowledge and intentions of the parties. *Woodward* v. *Blanchard*, 16 Ill. 424, 430; *McConnel* v. *Street*, 17 Ill. 253; *Winters* v. *Haines*, 84 Ill. 585; *Mitchell* v. *Campbell*, 19 Or. 198, (24 Pac. Rep. 455;) *Hawkins* v. *Brown*, 80 Ky. 186; *Sanders* v. *McAffee*, 42 Ga. 250; *Thornton* v. *Bledsoe*, 46 Ala. 73; *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665, 683; *Union Dime Savings Institution* v. *Duryea*, 67 N. Y. 84, 87. The language of the statute, "after judgment of any district court in this state, *remaining in full force*," must be construed in connection with the words which follow, "any defect in the service of the summons or complaint in the action for such divorce to the contrary notwithstanding." That is to say, it refers to judgments that have remained undisturbed, notwithstanding such defects, till after the time for appeal has gone by, and applies not merely to judgments which are irregular, but to those

which are void. A party to a judgment void for want of jurisdiction may have it set aside on motion, or reversed on appeal; and the statute undoubtedly has special reference to such judgments, because if the defects do not affect the validity of the judgment, and the same is suffered to stand, deeds subsequently executed by the parties would not require aid of the statute to support their validity. If the legislature may validate the sole deeds of married women generally as between the parties, and cut off the inchoate rights of their husbands in their separate property, we are unable to see why such enactments may not in like manner be made applicable to a particular class where the facts present special equitable grounds for such interference. We think the statute is valid, and is applicable to this case.

Judgment affirmed.