ULICK L. LYNOTT v. CHARLES E. DICKERMAN.[1]

July 13, 1896.

Nos. 10,061—(249).

| | |
|---|---|
| 65 | 471 |
| 75 | 25 |
| 65 | 471 |
| 84 | 70 |

**Constitution—Title of Act—Foreclosure.**

Laws 1878, c. 53, is entitled "An act providing for the foreclosure of mortgages by advertisement." *Held*, the subject legislated upon in section 24 thereof is germane to the subject mentioned in the title of the act; and the act is not, because of section 24, unconstitutional, because embracing more than one subject, or embracing a subject not expressed in the title.

**Foreclosure—Misappropriation of Surplus—Assignability of Right to Sue.**

Whether the naked right to sue for the penalty provided for by said section 24 is assignable, quære. But *held*, the amount actually due from the mortgagee, and which he has misappropriated, is assignable without a transfer of the equity of redemption.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., overruling a demurrer to the complaint. Affirmed.

[1] Reported in 67 N. W. 1143.

· *G. J. Lomen*, for appellant.
*Eckman & Stevenson*, for respondent.

CANTY, J.    This is an appeal from an order overruling a demurrer to the complaint, on the ground that the same does not state a cause of action.

The complaint alleges that defendant, the assignee of a mortgage, foreclosed the same by advertisement, and bid in the same at the sale for $964.20; that, in the notice of sale, he claimed as due, and there was due and owing, on the mortgage, the sum of $873.54, and no, more; that, out of the sum so bid, he retained the sum of $81.35, as costs and disbursements of the sale, "as necessarily and absolutely incurred and paid therein"; but that "the actual costs and disbursements of said sale absolutely paid were $23.24, and no more; and that the excess of $58.11 was illegally and improperly retained from the proceeds of said sale, for costs and disbursements thereof." It is further alleged that the mortgagor, before the foreclosure sale, conveyed the premises to one Merchant; "that, before the commencement of this action, said Huntington W. Merchant, for a valuable consideration, sold, assigned, and transferred to this plaintiff the above cause of action against this defendant."    The complaint demands judgment under G. S. 1894, § 6052, for three times the sum of $58.11, or $174.33.

1. The title of Laws 1878, c. 53,[2] in which this section originated (as section 24), is "An act providing for the foreclosure of mortgages on real estate by advertisement"; and it is contended by appellant that the act is unconstitutional, because the subject of this section, to wit, the penalty provided for, is not expressed in the title of the act.    We cannot so hold.    The subject of this section is the providing of a penalty for enforcing fidelity on the part of the mortgagee in the performance of his trust in foreclosing the mortgage, and accounting for the proceeds of the sale.    Surely, this is germane to the subject mentioned in the title of the act.

2. The statute gives the penalty to the "mortgagor, his heirs or assigns."    Appellant contends that the "assigns" intended by the statute are only those who take a transfer or conveyance of the equity of redemption, and that it was not the intention of the statute to make

[2] G. S. 1894, §§ 6028–6052.

the naked right to recover the penalty assignable as a chose in action. Conceding, without deciding, that this is true, the right to recover the $58.11 wrongfully appropriated is assignable, and plaintiff is entitled to maintain the action to recover the same. Then, in any event, the demurrer was properly overruled.

Order affirmed.

