ALBERT A. PERKINS v. DAVID D. STEWART.

December 20, 1898.

Nos. 11,285—(160).

Foreclosure—Affidavit of Costs—Constitution.

G. S. 1894, § 6051, requiring a party foreclosing a mortgage by advertisement to make and file for record, within ten days after such foreclosure, an affidavit of the amount paid or incurred, and included therein, for disbursements, including attorney's fees, is constitutional.

## Ownership of Surplus upon Foreclosure.

The surplus remaining in the hands of the mortgagee, after the payment of his debt from the proceeds of a foreclosure sale of the mortgaged premises, belongs to the same persons, and is subject to the same liens, as the land at the time of the sale. If the mortgagor is then the sole owner of the land, subject only to the mortgage, he is entitled to such surplus, although judgments are, thereafter and before it is paid to him, docketed against him, which are a lien on his equity of redemption in the land.

## Surplus—Demand—Interest.

It is the duty of a mortgagee foreclosing under a power of sale promptly to ascertain the surplus, if any there be, and pay it over to the party entitled thereto, without any previous demand therefor. If he fails so to do, he is chargeable with interest from the time he received it, except in cases where he could not pay it on account of the absence of the mortgagor, or of adverse claims, or for some other good reason, and the fund remained unproductive in his hands.

Appeal by defendant from a judgment in favor of plaintiff for $192.13, entered in the district court for Hennepin county, pursuant to findings and order of Harrison, J. Affirmed.

*S. A. Reed,* for appellant.

A lien upon the equity of redemption is also a lien upon any surplus of the foreclosure sale. Brown v. Crookston Agric. Assn., 34 Minn. 545; Ness v. Davidson, 49 Minn. 469; Fagan v. Peoples S. & L. Assn., 55 Minn. 437; 2 Jones, Mort. §§ 1687, 1688.

The right to interest depends upon whether the defendant used the money, or was in default in not paying it over. Wood v. Robbins, 11 Mass. 503; Johnson v. Eicke, 7 Hals. (N. J. L.) 316; Knight v. Reese, 2 Dall. (Pa.) 182; Bell v. Logan, 7 J. J. Marsh. 594; Johnson v. Haggin, 6 J. J. Marsh. 581; Vance v. Vance, 5 T. B. Mon. 521. Where one has used the money of another, or where he is wrongfully in possession of it, he is chargeable with interest. Dodge v. Perkins, 9 Pick. 368; Goddard v. Bulow, 1 N. & McC. 45; Wood v. Robbins, supra; Winslow v. Hathaway, 1 Pick. 210; Chauncey v. Yeaton, 1 N. H. 151; Lynch v. De Viar, 3 Johns. Cas. 302, 310; Simpson v. Feltz, 1 McCord, Ch. (S. C.) 213; Black v. Heyward, 1 Bailey (S. C. L.) 201; Rapelie v. Emory,

1 Dall. (Pa.) 349; Shipman v. Miller, 2 Root, 405. In the latter case no demand is necessary. Atlantic v. Harris, 118 Mass. 147; Cooper v. Coates, 21 Wall. 105; Paige v. Willet, 38 N. Y. 28; Wood v. Robbins, supra. Though in many cases demand is essential to fix the default, before interest can be allowed. Dodge v. Perkins, supra; Hunt v. Nevers, 15 Pick. 500; National v. Lovering, 30 N. H. 511; Bartlett v. Marshall, 2 Bibb (Ky.) 467; Wells v. Abernethy, 5 Conn. 222.

*Smith & Smith*, for respondent.

The surplus arising at a foreclosure sale is a mere personal chattel owned by the mortgagor. See G. S. 1894, § 6046; Fagan v. Peoples S. & L. Assn., 55 Minn. 437. A judgment entered after such a sale is no lien on the surplus. 2 Freeman, Judg. § 349; Sweet v. Jacocks, 6 Paige, 355. Nor does a judgment lien attach to such a right in any event. 12 Am. & Eng. Enc. 107, 108; 2 Freeman, Judg. § 348; Morrow v. Brenizer, 2 Rawle (Pa.) 184; Thomas v. Simpson, 3 Pa. St. 60.

G. S. 1894, § 6051, having been enacted long before the mortgage was executed it became a part of the mortgage contract. Johnson v. Northwestern L. & B. Assn., 60 Minn. 393.

When one has received money of another, and has not a right to keep it, the law imposes interest as damages. 11 Am. & Eng. Enc. 397; Greenly v. Hopkins, 10 Wend. 97; Reid v. President, 3 Cow. 393. Where the law makes it the duty to pay over money to the owner without any previous demand, no demand is necessary to recover interest. 5 Am. & Eng. Enc. 528; Dodge v. Perkins, 9 Pick. 368; Foote v. Blanchard, 6 Allen, 221; Sedgwick, Dam. §§ 168, 170, 176. A purchaser at a sheriff's sale must pay interest on his bid, or so much of it as is not applicable to his own judgment. 11 Am. & Eng. Enc. 390; Atkinson v. Richardson, 15 Wis. 657; Morris v. Cain, 39 La. An. 712.

START, C. J.

The plaintiff executed a mortgage upon real estate owned by him to the defendant. Default was made in the conditions of the mortgage, and the defendant foreclosed it by advertisement by virtue

of the power of sale therein, and became the purchaser of the land at the sale on September 12, 1894. The mortgaged premises sold for the full amount due on the mortgage, and $135 in excess thereof; of which $100 was applied in payment of attorney's fees, $25 in payment of the costs and disbursements of the foreclosure, and $10 in payment of excessive interest. No money was received by the defendant on such sale, and he paid none to the sheriff making the sale, except his fees, $3. The usual certificate of sale was executed to the defendant by the sheriff. No affidavit of the costs, disbursements and attorney's fees on the foreclosure of the mortgage was ever made by or on behalf of the defendant. No redemption was made from such foreclosure sale, and the defendant became the absolute owner of the mortgaged premises by virtue thereof.

After the foreclosure sale, and on June 28 and August 22, 1895, respectively, judgments were recovered and docketed against the plaintiff, and became a lien on the plaintiff's equity of redemption in the premises. Neither of the judgments has ever been paid. No demand was made on the defendant for the surplus before this action was brought. The defendant is not a resident of this state. This was an action to recover the surplus, and on these facts the trial court ordered judgment for the plaintiff for $135, and interest from the time of the foreclosure sale. The defendant appealed from the judgment so entered.

.1. It is claimed by the defendant that the statute (G. S. 1894, § 6051) requiring the party foreclosing a mortgage to make and file for record, within ten days after such foreclosure, an affidavit of the amount absolutely and unconditionally paid for disbursements, including attorney's fees, and included in such foreclosure, is unconstitutional, because the mortgagee's right to retain the stipulated attorney's fees was a contract right, which the legislature could not burden with the conditions of the statute. But the contract was made after the enactment of the statute and with reference to its provisions. It was competent for the legislature to provide for the proof of the amount of costs and attorney's fees paid or incurred by a party foreclosing a mortgage by advertisement, and to require a record thereof. The statute in question is similar to statutes regulating the taxation of disbursements in actions, and it is con-

stitutional. It takes away no contract right from the mortgagee, but simply provides how the right shall be made available. The amount of costs and attorney's fees on the foreclosure of mortgages which may be exacted from the mortgagor is a matter which the legislature may regulate, as to subsequent mortgages.

2. The defendant also claims, although the judgments became a lien on the plaintiff's equity of redemption in the mortgaged premises some nine months after the foreclosure sale and the time when the surplus accrued, that they were a lien on the surplus; therefore the plaintiff was not entitled to recover it, because it belonged to the judgment creditors. He relies in support of this proposition upon the cases of Brown v. Crookston Agric. Assn., 34 Minn. 545, 26 N. W. 907; Ness v. Davidson, 49 Minn. 469, 52 N. W. 46. In both of these cases the junior lienholders, who were entitled to the surplus arising from the sale of the land on the first mortgage, to the exclusion of the mortgagor, until their liens were paid, became such prior to the time that the surplus accrued; that is, before the foreclosure sale. But in the case before us there were no such lienholders until months after the right to the surplus accrued. The cases cited are therefore not in point.

The surplus arising from a foreclosure sale of the mortgaged premises, remaining in the hands of a mortgagee after the payment of his debt, belongs to the same persons, and is subject to the same liens, as the land belonged to at the time of the sale. Their respective rights to the surplus are not affected by the sale, and it must be paid to them according to their rights in the land, as they existed before the real estate was turned into money by the sale thereof. 2 Jones, Mort. § 1935. At the time the foreclosure sale was made in this case there were no junior liens on the land, and the plaintiff was then the absolute owner thereof, subject to such sale. The surplus, therefore, belonged to him, and the right to recover it thereafter was a chose in action. Lynott v. Dickerman, 65 Minn. 471, 67 N. W. 1143. A subsequent sale of his equity of redemption in the land would not pass to his grantee the right to receive such surplus; nor would the judgments subsequently docketed against him become a lien thereon any more than they would on any other of his personal property.

3. The defendant's last claim is that the trial court erred in allowing plaintiff interest on the surplus from the time his right to the surplus accrued.

"The general rule is that, in all cases where the money of another is received or acquired by mistake merely, without fraud, interest does not run upon it until the party in whose possession it is, is put in default by a demand by the party to whom it is justly due." Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337.

But this case does not fall within the rule, for the duty rested upon the defendant, as mortgagee, to pay the surplus to the party entitled to it, and he agreed so to do in his mortgage. He was only authorized to retain from the proceeds of the sale of the mortgaged premises the amount of his debt, and the costs and attorney's fees, provided he made proof thereof as required by law. In this case all of the proceeds of the sale in excess of the debt was surplus, which he had no right to retain, and which it was his duty to pay over to the mortgagor.

It is the duty of the mortgagee foreclosing under a power of sale promptly to ascertain the surplus, if any there be, and pay it over to the party entitled to it, without any previous demand therefor. 2 Pingrey, Chat. Mort. § 1470; Bailey v. Merritt, 7 Minn. 102 (159). The defendant in this case was in default in not discharging this duty, and prima facie he should be charged with interest on the amount of the surplus, in the absence of proof of any facts so far excusing his default as to make it inequitable to require him to pay interest. In cases where the surplus cannot be paid on account of the absence of the mortgagor, or of adverse claims made to it, or for some other reason, and it remains unproductive in the hands of the mortgagee, he ought not to be charged with interest until the mortgagor returns or the adverse claims are settled. 2 Jones, Mort. § 1928. There were no such facts in this case. The defendant retained and had the use of the surplus, and the trial court did not err in charging him interest thereon.

Judgment affirmed.