FARNSWORTH LOAN & REALTY COMPANY v. COMMONWEALTH TITLE INSURANCE & TRUST COMPANY.[1]

June 28, 1901.

Nos. 12,596—(167).

**Curative Act—Constitution.**

A person has no vested right in a cause of action or defense based solely upon an informality or irregularity in judicial proceedings, not affecting his substantial equities; and a retroactive statute curing defects in such proceedings which are mere irregularities and mistakes, and do not extend to matters of jurisdiction, is not void on constitutional grounds.

**Foreclosure of Mortgage—Filing Affidavit of Costs.**

The failure to file, in mortgage foreclosure proceedings, an affidavit of costs and disbursements, as required by G. S. 1894, § 6051, is an irregularity not affecting the validity of the foreclosure; and a failure and neglect in that respect occurring prior thereto, no rights of third persons intervening, was cured by Laws 1895, c. 308.

Action in the district court for Hennepin county by plaintiff, as grantee of the mortgagor, to recover the amount of costs and disbursements collected by defendant, as mortgagee, on foreclosure by advertisement of a real-estate mortgage, upon the ground that the affidavit of costs and disbursements had not been filed within the time limited by statute. From a judg-

[1] Reported in 86 N. W. 877.

ment entered in favor of defendant upon the pleadings, pursuant to an order of Elliott, J., plaintiff appealed.    Affirmed.

*Smith & Smith*, for appellant.

Without a strict compliance with the statutory conditions upon which the mortgagee can retain any sum for costs, he has no right or title to any excess above his actual debt, and he is bound to pay the same to the mortgagor.  Perkins v. Stewart, 75 Minn. 21.  Money arising from a foreclosure sale in excess of the debt of the mortgagor is the money of the mortgagor; he may maintain an action for it, and such right of action is a right of property as fully as if he held a promissory note against the mortgagee for the surplus.  Truesdale v. Sidle, 65 Minn. 315; Wyatt v. Quinby, 65 Minn. 537; Eliason v. Sidle, 61 Minn. 285; Fagan v. Peoples Sav. & L. Assn., 55 Minn. 437; Johnson v. Stewart, 75 Minn. 20; Perkins v. Stewart, supra.

A cause of action once existing is a right of property and cannot be taken away by the legislature upon any pretense of relieving the existing legal obligations of debtors.  Chicago v. Dunn, 52 Ill. 260.  The legislature has no power to extend or alter a statute of limitations as to past transactions for the purpose of taking away rights of action or defenses, because such rights are vested rights of property.  Board v. Blodgett, 155 Ill. 441. The legislature cannot by curative acts change the then existing contracts, rights or obligations, or rights existing under the law.  Lowry v. Mayo, 41 Minn. 388; Heyward v. Judd, 4 Minn. 375 (483); O'Brien v. Krenz, 36 Minn. 136; Willis v. Jelineck, 27 Minn. 18; Carroll v. Rossiter, 10 Minn. 141 (174); Black, Const. Prohib., § 101.  Curative acts cannot prevail when they interfere with vested rights or legal obligations.  Deininger v. McConnel, 41 Ill. 227; Orton v. Noonan, 23 Wis. 102; Leland v. Wilkinson, 10 Pet. 294; Lessee of Good v. Zerchee, 12 Ohio, 364; Meighen v. Strong, 6 Minn. 111 (177); Thompson v. Morgan, 6 Minn. 199 (292).  All attempts, by curative acts, to impair or destroy the rights and obligations of parties under contracts, either express or implied, are void.  Goenen v. Schroeder, 8 Minn. 344

(387); Carroll v. Rossiter, supra; Hillebert v. Porter, 28 Minn. 496.

C. W. G. Withee and Davis, Kellogg & Severance, for respondent.

"If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute." Cooley, Const. Lim. (6th Ed.) 457. Undoubtedly the legislature might have dispensed with the requirement for the filing of any affidavits of costs and disbursements in a foreclosure proceeding, and if so, it can dispense with it or extend the time for filing, by subsequent statute. Green v. Abraham, 43 Ark. 420, 423; Blount v. City, 31 Wis. 648. There are no equities in the plaintiff's claim. There never was any equity in it, either while the mortgagor owned the property or since the assignment to the plaintiff, and under such circumstances it has been repeatedly held that a party can have no vested right in a cause of action based upon an informality which does not affect his substantial equity. State v. Norwood, 12 Md. 195; State v. Mayor, 27 N. J. L. 185, 197; Gibson v. Hibbard, 13 Mich. 214; Harris v. Rutledge, 19 Iowa, 388; Foster v. President, 16 Mass. 244; Perry v. Clary, 77 Me. 482; Freiberg v. Singer, 90 Wis. 608; Dillon v. Linder, 36 Wis. 344; Campbell v. Iron-Silver Mining Co., 27 C. C. A. 646. The amount sought to be recovered in this action is in the nature of a penalty for failure to file the affidavits in time. If such is the case, the plaintiff has no vested right in the matter, and no right at all that the legislature could not take away. Mix v. Illinois, 116 Ill. 502, and cases cited.

BROWN, J.

This action was brought to recover the amount of certain costs and expenses incurred in the foreclosure of a real-estate mortgage, on the ground that the mortgagee failed to file the proper affidavit of costs within the time prescribed by statute. Defendant had judgment in the court below, and plaintiff appeals.

There is but one question in the case, and that is whether

Laws 1895, c. 308, is a constitutional and valid statute. The facts are short. Defendant was the owner of a mortgage upon several lots or tracts of land; the indebtedness secured being divided into specific amounts, and secured separately on distinct lots. It was treated as eleven mortgages, foreclosed as such, and the costs and disbursements taxed and charged accordingly. The cause was submitted to the court below on the pleadings and a stipulation of facts, from which it appears that the foreclosure of the mortgage was regular and in all respects in accordance with law, and that the costs and disbursements ($31.16 as to each separate foreclosure) were actually paid and incurred by the mortgagee. It was further stipulated that the plaintiff was the owner of the mortgaged premises at the time of the foreclosure, though not the mortgagor, having prior thereto succeeded to his rights, and that no redemption was ever made from the sales. Each lot was bid in by the mortgagee at the sale for the principal, interest, and costs of foreclosure. It is further expressly stipulated that this action is brought to recover the costs and disbursements as to each of the lots covered by the mortgage, on the ground and for the reason that the affidavits of such costs and disbursements were not filed in the office of the register of deeds within the time required by law.

The action was commenced in October, 1899,—nearly six years after the completion of the foreclosure. By Laws 1895, c. 308, all affidavits of costs and disbursements in mortgage foreclosure proceedings theretofore had, which were not filed and recorded within the time limited therefor by G. S. 1894, § 6051, but were subsequently filed, were legalized and made as effectual in all respects as though filed and recorded within proper time. The validity of this act is the only question in the case. Counsel for appellant contend that the title thereto is not a sufficient compliance with the requirements of the constitution, and for this reason that the act is invalid. The title is as follows: "An act to legalize filing of affidavits in certain cases, and making the same and the record thereof evidence."

This title is not as full and explicit as it might have been made,

84 M.—5

but we hold it sufficient, within the decisions of this court. State v. Cassidy, 22 Minn. 312.

The serious objection to this statute goes to its substance. G. S. 1894, § 6051, provides that a party foreclosing a mortgage upon real property shall make and file an affidavit of costs and disbursements within ten days after the foreclosure. The statute was construed, in Larocque v. Chapel, 63 Minn. 517, 65 N. W. 941, to mean and to require the filing of the affidavit within ten days from the completion of the foreclosure by the execution and recording of the sheriff's certificate of sale. So that, as twenty days are given within which to complete the foreclosure by the execution of the sheriff's certificate, the mortgagee or person fore-closing has in fact thirty days from the date of sale in which to file the affidavit of costs. In the case at bar the sale occurred May 22, 1894, and the affidavit of costs and disbursements was in fact filed June 27, 1894,—six days too late. That plaintiff has a cause of action, unless the failure to file the affidavit, which is the foundation thereof, was cured by the act of 1895, there is no doubt. So the question is whether the irregularity and failure to file the requisite affidavit at the proper time were cured by that act.

The question is an important one because it goes to the power and authority of the legislature to enact "healing" or curative statutes. Mature reflection and consideration of the authorities bearing on the question convince us that the statute is not obnoxious to the constitution, and should be upheld. The only ground upon which it can be held invalid is that it impairs and destroys vested rights. It being essential to the right of the mortgagee to retain the costs of foreclosure that the affidavit be filed, we have heretofore held that the failure to file it works a forfeiture of that right. The amount becomes a surplus in the hands of the mortgagee, which the mortgagor, or those claiming under him, may recover. Perkins v. Stewart, 75 Minn. 21, 77 N. W. 434. And it is contended by appellant that this right of action is one of which it could not be deprived by legislation. The soundness of the decision in the Perkins case is not questioned by respondent. It could not well be questioned. But it is

claimed that the right to recover the costs, being based upon an irregularity only, is not such a right as is protected by the constitution, and that the act of 1895 is a complete defense to the action.

The question as to the validity of statutes similar to that under consideration is very fully and clearly discussed in Cooley, Const. Lim., at page 457. It is there laid down as a general rule that "If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by prior statute, then it is not beyond the power of the legislature to dispense with it by subsequent statute."

A person has no vested right in a defense or cause of action based upon an informality not affecting his substantial equities, and a retroactive statute curing defects which are mere irregularities, and do not extend to matters of jurisdiction, is not void on constitutional grounds. It was said in Inhabitants v. Inhabitants, 4 Conn. 209,—a leading case,—that where the object and effect of a retroactive statute is to correct an innocent mistake or remedy a mischief, execute the intention of the parties, and promote justice, then, both as a matter of right and public policy, it should be sustained.

In the case at bar the mortgagor, or those claiming under him, contracted and agreed and were liable to pay the costs of the foreclosure. This was not only a contract obligation, but an obligation created by statute as well. The costs were in fact incurred and paid by the mortgagee in the foreclosure of the mortgage, the mortgagor was under every moral obligation to pay the same, and no injustice or wrong results from requiring him to do so. The failure of the mortgagee to file a proper affidavit was, at most, an irregularity not affecting the substantial or equitable rights of the mortgagor. Sutherland, in his work on Statutory Construction (section 484), lays down as a rule on this subject that:

"Acts which are jurisdictional and could not be antecedently dispensed with by statute cannot be made immaterial by subsequent legislation. Rights resting upon such curable defects alone cannot be deemed meritorious, and not entitled to the protection accord-

ed to vested rights. Where they are relied on as an excuse for repudiating contracts, executory or executed, they are not within the protection of the constitution."

Plaintiff's right of action in this case rests wholly and entirely upon the defect of which it seeks to take advantage. The defect was not jurisdictional, and did not invalidate the foreclosure. Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436. In Connecticut a statute was enacted declaring usurious contracts invalid to the extent of the interest and bonus or usury. A subsequent statute declaring all contracts which were tainted with usury and entered into in violation of the prior statute valid and binding, even to the extent of the usurious interest, was sustained by the supreme court of that state, and this decision is cited with approval in Cooley, Const. Lim. 463. Mechanics v. Allen, 28 Conn. 97. A statute declaring that it should be unlawful to plead or set up a defense that the contract sued on was void because entered into in violation of a prior statute, was held in Ohio a valid legislative enactment. Lewis v. McElvain, 16 Ohio, 347. See also as bearing upon the question, Baugher v. Nelson, 9 Gill, 299; O'Brian v. County, 51 Md. 15; Johnson v. Richardson, 44 Ark. 365; Green v. Abraham, 43 Ark. 420; Lane v. Nelson, 79 Pa. St. 407; Supervisors v. Wisconsin, 121 Mass. 460.

Remedial statutes of the nature of that under consideration have heretofore come before this court for consideration, and the court has gone as far as any of the courts in other states in sustaining the authority of the legislature to enact them. In the case of Levering & Morton v. Washington, 3 Minn. 227 (323), the court held that the repeal of a law regulating the manner in which notice of protest of promissory notes should be given did not impair the obligation of contracts. It was held in Ross v. Worthington, 11 Minn. 323 (438), that a statute making legal and valid a prior defectively executed conveyance was valid, and within the power of the legislature to enact. In the case of Wistar v. Foster, 46 Minn. 484, 49 N. W. 247, a statute legalizing a deed of a married woman, in the execution of which her husband did not join, passed after she was divorced, was sustained and upheld. The opinion in that case is an instructive one, and worthy of

perusal.   In Kunkle v. Town of Franklin, 13 Minn. 119 (127), it was held competent for the legislature to make valid bonds previously issued by a town without authority.   In that case certain bonds were issued by the town as a bounty for enlistment in the military service of the United States.   The act of the town in issuing the bonds was wholly unauthorized and void, but the court upheld legislation declaring the bonds the valid and binding obligations of the town.   The result was that the void contract was made valid by legislation.   In the case at bar the effect of the curative act under consideration was not to render a void obligation valid and binding, but to restore a prior bona fide actual indebtedness and obligation, which had been forfeited by a mere technicality.

This act is analogous to G. S. 1894, § 5267, conferring the power upon district courts to relieve parties from their mistakes in judicial proceedings.   There the legislature confers the power upon the court, and here authority is exercised by the legislature itself.   The case of Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78, is not in point.   In that case it appeared that an assignment of a mortgage was defectively executed and recorded.   Subsequently the mortgage was foreclosed by advertisement, from which no redemption was made.   After the foreclosure a statute was enacted purporting to cure and remedy all defects of the nature of the one involved in that assignment.   The court held that the statute was ineffectual to validate the foreclosure, and, though it might cure the defect in the assignment of the mortgage, it could not make valid the void foreclosure.   In the case under consideration the failure to file the affidavit of costs did not affect the validity of the foreclosure.   The foreclosure was perfectly valid, notwithstanding the failure to comply with the statute in that respect. So the Lowry case is not in point.

We do not wish to be understood as holding that a statute of this kind would be valid as to third persons whose rights accrued prior to the passage of the act.   But the rights of third persons are not involved in this case, and we do not consider the question. Our conclusion, based upon the authorities cited, and from a very

careful consideration of the question, is that the act of 1895 is not open to the objections urged against it, and must be sustained.

Judgment affirmed.

START, C. J. (dissenting).

I dissent. When Laws 1895, c. 308, was enacted the plaintiff then had a vested legal right to the surplus in question, which the legislature could not impair. Perkins v. Stewart, 75 Minn. 21, 77 N. W. 434; Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78. In the last case cited the mortgage and the assignment thereof were valid, but the latter was not so acknowledged as to entitle it to be legally recorded, although in fact it was recorded. The foreclosure of the mortgage was void because the statute required that the assignment be recorded before the mortgage could be foreclosed. It is to be noted that this requirement was one which the legislature might have originally dispensed with, yet it was held that a subsequent curative statute could not validate the record of the assignment, so as to give validity to the prior foreclosure. I am unable to distinguish the case cited from the one at bar.

LEWIS, J. (dissenting).

The conclusion of the court is based upon the premise that at the time of the passage of the curative act the mortgagor had not acquired a vested right. If this premise is false, then it follows that the reasoning thereunder is false. The premise is conceded to be wrong by the admission in the opinion that the case of Perkins v. Stewart, 75 Minn. 21, 77 N. W. 434, was correctly decided. In the case of Johnson v. N. W. Loan & B. Assn., 60 Minn. 393, 62 N. W. 381, and other cases, it has been held by this court that the statute requiring the proofs to be filed was mandatory.

The reasoning of the opinion in that case is based upon the following propositions: First, to prevent a person foreclosing a mortgage from oppressing and defrauding the mortgagor; second, to furnish the mortgagor accurate and easily accessible evidence of the amount retained for disbursements. In the case of Lynott v. Dickerman, 65 Minn. 471, 67 N. W. 1143, it was held that the amount retained by the party foreclosing the mortgage to cover

disbursements, the proofs having been filed, immediately became a debt due to the mortgagor, was a chose in action, and could be assigned and sued upon by the assignee. The case of Perkins v. Stewart, supra, held the law requiring the proofs to be filed within a certain time to be constitutional. Therefore at the time the curative act was passed the law in this state was settled as to the contractual relations between appellant and respondent. The court has apparently overlooked this fact, and assumed that the statute was not taken into consideration and became a part of the contract at the time the mortgage was executed.

While it is true that by the terms of the mortgage the mortgagor agreed to pay the costs and disbursements in case of foreclosure, and consented that the amount might be deducted by the mortgagee or his assignee from the proceeds of the sale if a default should occur and a foreclosure be necessary, this stipulation on the part of the mortgagor was made in view of the statute, and was accepted by the mortgagee relying thereon. The agreement was that if he found it necessary to foreclose the mortgage, and should hold the mortgagor to his agreement to pay the disbursements, the person foreclosing should within the statutory time file proof of the disbursements, for the benefit of the mortgagor, and further agreed, in view of the law as declared by the decisions of this court, that, if he failed to comply with the statute, he would pay over to the mortgagor all the money received at the sale, less the debt and interest, deducting nothing for disbursements. Therefore the legal relations existing between appellant and mortgagee at the time the curative act went into effect were fixed, determined, and vested by the law of this state; and the legislature was powerless, under the constitution, to take away or in any manner limit the existing rights.

The opinion quotes from Cooley on Constitutional Limitations (page 458), and the court relies on the definition there given; but a careful reading of the authorities cited in support of that definition discloses the fact that the relations of the parties had in no manner become fixed and vested, as in this case. "The thing wanting" did not reach to the merits of the contract. The rule is more carefully stated by Mr. Cooley at page 460:

"When these acts [validating] go no further than to bind a party by a contract which he had attempted to enter into, but which was invalid by reason of some personal inability on his part to make it, or through neglect of some legal formality, or in consequence of some ingredient in the contract forbidden by law, the question which they suggest is one of policy, and not of constitutional power."

The case of Wistar v. Foster, 46 Minn. 484, 49 N. W. 247, cited in the majority opinion, falls within this rule and is not here in point. All of the cases cited in the main opinion involve no other question than that of some personal inability or the neglect of some legal formality. I therefore dissent.