# WILLIAM H. JENKINS v. UNION SAVINGS ASSOCIATION.[1]

January 7, 1916.

Nos. 19,611—(235).

**Usury — Minnesota mortgage.**

1. The court, having found that the loan involved was by agreement of the parties to be considered as a South Dakota loan, there payable, and governed by the laws of that state, and thereunder not usurious, the mortgage securing it upon lands in this state is valid. Further, were the loan held to be a Minnesota contract, the findings do not affirmatively show it tainted with usury.

[1] Reported in 155 N. W. 765.

**Loan by foreign corporation — application of Somerville law.**

> 2. Assuming, but not deciding, that defendant, a foreign corporation, in order to obtain a valid mortgage upon lands in this state, must first comply with the Somerville law, the curative acts, validating the contracts made before compliance with the law, effectively legalized this loan.

Action in the district court for Nobles county to cancel a note and mortgage. The case was tried before Nelson, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Manly P. Thornton,* for appellant.

*C. H. Christopherson* and *Christopherson & Melquist,* for respondent.

HOLT, J.

This action was brought to cancel a note and a mortgage securing it, on the grounds that the loan was usurious and that defendant was not authorized to transact business in this state when the loan was made. Judgment was rendered for defendant, and plaintiff appeals.

The defendant is a building and loan association organized under the laws of South Dakota. It began making loans in Minnesota in 1901, having first fully complied with the provisions of our law, under which defendant unquestionably was authorized to transact business as a building and loan association in this state, so that a loan such as the one here involved could not have been assailed as usurious. But it is claimed the Revised Laws of 1905 expressly repealed the laws under which foreign building and loan associations were permitted to do business in this state, hence any loan thereafter made would not be excepted from the usury law as having been made by a building and loan association; and, further, the transaction is void because, when it took place, defendant had not complied with the so-called Somerville act (sections 6206-6208, G. S. 1913).

Although defendant has at all times since it began to make loans in this state conformed to all the requirements in the deposit of securities, in submitting to the examinations of the public examiner and the superintendent of banks and banking of this state, and has paid the fees required therefor, it did not comply with the Somerville law until 1907.

The note and mortgage in question were executed October 1, 1906. The loan is made payable at defendant's office in South Dakota, but the land mortgaged is in Nobles county, this state.

The court specifically finds: "That it was mutually agreed by and between the plaintiff and the defendant at the time said loan was made that the same was made with reference to and under the laws of the state of South Dakota and that it should be governed by said laws." There are further findings that under the laws of South Dakota the loan was not usurious. None of these findings are challenged. Such being the case, the usury statute of this state does not apply. Ames v. Benjamin, 74 Minn. 335, 77 N. W. 230. Moreover, there is no finding that the loan would offend even our statute against usury. It is true that, adding the monthly premium of 50 cents for each $100 of the loan to the stipulated 6 per cent interest, it would call for 12 per cent. But it is found that the earnings are required by law and defendant's articles of incorporation to be distributed each year to the stockholders; and since plaintiff, like every borrower from defendant, became a stockholder, as a condition precedent to obtaining the loan, he has participated in this annual distribution of earnings, and there is no showing as to the amount so placed to his credit. It may have reduced the interest to an amount far below 10 per cent. Zenith B. & L. Assn. v. Heimbach, 77 Minn. 97, 79 N. W. 609.

We therefore conclude that the only ground for assailing the validity of the mortgage loan is that, when made, defendant had not complied with the Somerville law. Without so deciding, we shall assume that defendant, before accepting a mortgage upon lands in this state, should have complied with this law, and that, under G. Heileman Brewing Co. v. Peimeisl, 85 Minn. 121, 88 N. W. 441, the mortgage was void and could not be given validity through defendant's subsequent compliance. But even so, the transaction was legalized by one or the other of these curative statutes, chapter 427, p. 609, Laws 1907, chapter 158, p. 202, Laws 1911, and chapter 92, p. 120, Laws 1915, particularly the last-named act which specifically covers foreign building and loan associations. These laws together with chapter 333, p. 380, Laws 1909, indicate that the legislative mind has not harbored the thought that the Revised Laws of 1905 (sections 3048-3067), prohibited foreign building and

loan associations from taking a mortgage upon lands situated in this state. A contract, invalid because of some statute, may be rendered valid by a subsequent statute, provided no vested rights are thereby impaired. A person has no vested rights in the defense of usury, nor in the non-compliance by a corporation with some statutory prerequisite to doing business. The following authorities sustain the validating effect of the curative acts referred to upon defendant's note and mortgage: Mechanics' & W. M. Mut. Sav. Bank & Bldg. Assn. v. Allen, 28 Conn. 97; Kunkle v. Town of Franklin, 13 Minn. 119 (127), 97 Am. Dec. 226; Wistar v. Foster, 46 Minn. 484, 49 N. W. 247, 24 Am. St. 241; Farnsworth L. & R. Co. v. Commonwealth T. I. & T. Co. 84 Minn. 62, 86 N. W. 877; Calderwood v. Jos. Schlitz Brewing Co. 107 Minn. 465, 121 N. W. 221; U. S. Savings & L. Co. v. Miller (Tenn.) 47 S. W. 17; Butler v. United States Bldg. & L. Assn. 97 Tenn. 679, 37 S. W. 385; Swope v. Jordan, 107 Tenn. 166, 64 S. W. 52; Mutual Benefit Life Ins. Co. v. Winne, 20 Mont. 20, 49 Pac. 446; Gross v. U. S. Mortgage Co. 108 U. S. 477, 2 Sup. Ct. 940, 27 L. ed. 795 (affirming United States Mortgage Co. v. Gross, 93 Ill. 483); Bolles v. Brimfield, 120 U. S. 759, 7 Sup. Ct. 736, 30 L. ed. 786.

From the facts found no other judgment than the one given could have been rendered.

Judgment affirmed. ————————————