# REPORTS

### OF

## CASES ARGUED AND DETERMINED

### At June Term, 1857.

————————•————————

## WALKER *vs.* FORBES.

#### [ACTION ON GUARANTY.]

1. *Notice to guarantor of principal debtor's default.*—Where the principal debtor is insolvent at the time the debt falls due, notice of his default is not necessary to charge the guarantor, since the latter can, in such case, sustain no injury from the want of notice.

2. *Opinion of expert in foreign law.*—An attorney of a foreign State may testify to the exposition, interpretation and adjudication of the statute law of that State.

3. *General objection to deposition.*—A general objection to a deposition, on the ground of the irrelevancy and incompetency of the evidence, may be overruled entirely, if any portion of the evidence is admissible.

4. *Conflict of laws as to construction of contract.*—The construction and interpretation of a contract are to be determined by the law of the place where it was made.

5. *Conclusiveness of judicial decisions.*—A decision of the supreme court, construing a contract according to the statute, as set out in the record, of the foreign State in which it was made, is not conclusive on a second appeal, when the testimony of foreign experts, introduced on a second trial after the remandment of the cause, shows that that construction was erroneous.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

ASSUMPSIT by T. & G. Forbes, against Daniel Walker, on a written guaranty for the "ultimate payment" of goods furnished by plaintiffs to one Cogburn. The former re-

2

port of the case (see 25 Ala. 139) discloses all the material facts as then presented; and the additional facts adduced on the second trial, after the remandment of the cause, are stated at sufficient length in the opinion of the court.

GEO. N. STEWART, for the appellant.

P. HAMILTON, contra.

RICE, C. J.—Under the law of this case as settled when it was formerly here, (25 Ala. 139,) the evidence adduced on the last trial, if believed, was sufficient to establish notice of the acceptance and action upon the guaranty by the plaintiffs; Cogburn's insolvency at the time the debt fell due; that the use of all lawful and proper means to collect the demand of him would have been fruitless; and that the defendant sustained no injury, either by the failure to use such means, or by the failure to give him notice of the default by Cogburn; and therefore, the failure to give him notice of that default did not discharge him.

According to the former decision in this case, it is also settled, that the relation of the parties in respect of the original demand is not affected by the draft taken by the plaintiffs of Cogburn, on the defendant, which he refused to accept, and which was given on account of the bill of goods they furnished to Cogburn upon the guaranty.—See Brown v. Wright, 7 Monroe, 397; Robinson v. Offut, ib. 540.

When the case was here before, it appeared that the plaintiffs had read in evidence on the trial sections 3014, 3015 and 3016 of the Civil Code of Louisiana, for the purpose of showing the law of that State in relation to such a guaranty as that upon which this suit was brought, and that the contract of guaranty was consummated in that State. But it did not then appear that any evidence of lawyers, or persons skilled and instructed in the law of that State, was offered or introduced, for the purpose of either giving the interpretation of the written law, or of affording to our courts the means of construing it. Since the cause was remanded by this court, and on the last

trial, evidence of that kind was introduced by the plaintiffs. After the aforesaid sections of the Civil Code had been read in evidence, the depositions of three Louisiana lawyers, of long and extensive practice in that State, regularly taken, were introduced for the purpose of proving "the unwritten law of Louisiana." To the reading of these depositions the defendant objected, on the ground "that they were irrelevant and not competent to prove the law of Louisiana." The objection was overruled, and the defendant excepted; and it is for us to decide, whether there was error in overruling the objection as made.

The contract of guaranty sued on was, as before stated, consummated in Louisiana. The guarantor's liability was materially affected, if not wholly governed, by the law of that State. The question, as to *the language* of the written law of that State upon the subject, was settled by the production of that language itself from the Civil Code. The question which then remained unsettled, was not what was the language of the written law, but what was the law altogether, "as shown by exposition, interpretation, and adjudication." The exposition, interpretation and adjudication may never have been evidenced by books or writings; but may, nevertheless, have become well understood, as the rule of law deduced by the court from the *written words* of the Code, upon a particular state of facts. Upon such a question, the testimony or opinions of competent witnesses, instructed in the law of that State, may be resorted to. "Properly speaking," says Lord Denman, "the nature of such evidence is not to set forth *the contents* of the written law, but its *effect*, and *the state of the law resulting from it.* The mere contents, indeed, might often mislead persons not familiar with the particular system of law. The witness is called upon to state what law does result from the instrument."—DeBode's Case, 8 Q. B. 208; Cocks v. Purday, 2 C. & K. 269; 1 Greenl. Ev. §§ 486–488; 3 Phil. Ev. (ed. of 1839) 1142.

Without saying anything more on this point, we are satisfied, that at least a part of the depositions objected to was admissible evidence; and, as the objection was to

the whole, and part is admissible, there was no error in overruling it.

The evidence of the Louisiana lawyers, having been adduced on the last trial, and having been found to be credible and true, must control the courts of this State, in construing the aforesaid sections of the Civil Code of Louisiana, although it leads to the adoption of a construction different from that placed upon them by the former decision in this case. Our former construction was based upon the mere language of the sections, without any evidence as to the meaning or construction which had been placed upon them in Louisiana. Evidence of that kind being now before us, we yield our former construction, because we recognize the right of the courts of our sister States to settle authoritatively the meaning and effect of their own statutes, in relation to contracts like that here sued on, made within their limits.—Peake v. Yeldell, 17 Ala. 636 ; Davidson v. Sharpe, 6 Iredell, 14 ; Hanrick v. Andrews, 9 Porter's Rep. 9, and the numerous authorities there cited. Our former construction would have been the law of this case, if it had been made upon the evidence now before us ; but is not so, because, in this respect, the evidence is materially different from what it was when the case was previously here.

Applying to the case, as now presented, the views above expressed, and the principles settled when the case was formerly here, so far as they are not rendered inapplicable by a material change in the evidence,—we feel bound to hold, that there was no error in any of the rulings of the court below embraced by the assignment of errors.

Judgment affirmed.