# Cubbedge, Hazlehurst & Company *v.* Napier.

### *Bill in Equity to foreclose Mortgage.*

1. *Foreign law; how must be pleaded and proved.*—Where a party rests his right to relief, or his defense, on the statutes of a sister State, the statute must be substantially pleaded ; a general averment of the existence of the statute, and that it confers the right or authorizes the defense is insufficient, being the statement of the conclusions of the pleader, rather than an averment of facts.

2. *Laws of sister State; how proved.*—Under our statute (Code of 1876, § 3045), a certified transcript of the statutes of a sister State, as deposited in the office of the Secretary of this State, or the printed volume purporting on its face to be issued by authority of such sister State, is sufficient to prove the existence of such statutes. The unwritten law, or the judicial decisions of such State, may be proved by the production of the reports of adjudged cases, which are recognized in the particular State.

3. *Interest; what law governs.*—Where interest is expressly or impliedly to be paid upon contracts, the law of the place where such contract is made, or the law of the place of performance, if such contracts are to be performed in a place other than that in which they are made, regulates and controls the rate of interest.

4. *Mortgage; by what law governed.*—Where the mortgagor and mortgagee reside in Georgia, and all the transactions between them take place in that State, and the mortgage does not designate any particular place of payment, the law of that State determines the validity and operation of the contract, and such contract will be enforced so far, and only so far, as it is valid under the laws of that State, no matter where the enforcement is sought, unless it offends the positive law, or violate the public policy of the State in which enforcement is sought.

APPEAL from Macon Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed by the appellants, Cubbedge, Hazlehurst & Co., against the appellee, George C. Napier, to foreclose a mortgage given by him to them on certain lands situated in Macon county, Alabama. The answer of the appellee admitted the execution of the mortgage sought to be foreclosed, and claimed a deduction on account of usurious interest and some payments which had not been credited. An amended answer was filed, which averred that at the time of the execution of the mortgage and the note which it was given to secure, "both the parties were residents of the State of Georgia, and that said note and mortgage were made in that State." It is then averred "that the rate of interest in Georgia is fixed by law at seven per cent., and that the effect of the law was to annul and render void all contracts for usury ;" "that only the principal sum, and inter

est at the rate of seven per cent., was recoverable"; "that at the time of the execution and delivery of said note and mortgage, under and by virtue of said statute laws of Georgia, all titles to property made as part of an usurious contract, or to evade the usury laws of such State, are void." The original answer of the defendant was made a cross bill, and a discovery was prayed as to the state of accounts between the parties. There was evidence tending to show the mortgage was given to secure money loaned at usurious interest. On final hearing, the Chancellor was of opinion that under the laws of Georgia the mortgage sought to be foreclosed was invalid, and dismissed the bill, and complainants bring the case here by appeal.

THOMAS G. JONES, and F. S FERGUSON, for appellants. The mortgage was on lands situated in Alabama, and the law of that State, and not the law of Georgia, must prevail. The case of *Chapman v. Robertson*, 6 Paige, 627, is directly in point, and is conclusive of the question. Robertson being in England obtained a loan of money from Chapman, and as security therefor executed a mortgage on lands situated in the State of New York. Chapman filed his bill to foreclose in a New York court, and Robertson pleaded that the contract being for seven per cent. interest and made in England, was, by the laws of that country, usurious and void, but the New York court held the mortgage to be a valid security, and that Chapman could not set up the usury laws of England as a defense to the suit.—See, also, 23 Barbour, 63 ; 38 Barbour, 352. The Georgia statute does not apply to a mortgage—35 Ga. 530—and was not proved.—10 Ala. 805.

NORMAN & WILSON, *contra.*—The note and mortgage were made in Georgia and were to be discharged in that State, and therefore their validity and operation must be tested by its laws. And this is true, although the lands may be situated in Alabama.—*Evans v. Kittrell*, 33 Ala. 449; Story on Confl. of Laws, §§ 287a, 293b ; 10 Wheat. 367 ; 6 Paige, 627. If, by the statute laws of Georgia, the mortgage was part of a transaction usurious in its nature, it was void under the laws of that State.—See Pamph. Acts of Georgia, 1871–72, page 75. The repeal of the usury laws of Georgia could not make a void mortgage valid.—1 Fla. 371 ; 14 Mass. 322 ; 38 Ala. 510 ; 30 Ala. 120.

BRICKELL, C. J.—Questions of foreign law, are questions of fact, which must in each case be determined by the pleadings and evidence.—*Judge v. Murphy*, 10 Ala. 805 ; *Syd-*

*ney v. White*, 12 Ala. 728; *Gurley v. Cockrell*, 26 Ala. 405; *Walker v. Forbes*, 31 Ala. 9; *Bloodgood v. Grosey*, ib. 575; *Drake v. Glover*, 30 Ala. 382.

When the complainant in a bill in equity deduces his title to relief from the statute of a sister State, the statute must be substantially stated in the bill; for the reason, that the court cannot judicially take notice of it. A general averment of the existence of the statute, and that it confers the right, is not sufficient. It is a statement of the conclusion of the pleader, rather than a statement of facts.— *Gunn v. Howell*, 27 Ala. 665; *McDonald v. Mobile Life Ins. Co.* 56 Ala. 468. Thus, in *Cockrell v. Gurley, supra*, which was a bill filed by a remainderman for the protection of his interest in certain slaves, which had been allotted in Kentucky to the tenant of the particular estate, as dower in the estate of her deceased husband, the statute of Kentucky, as it was averred, limited her interest to a life estate, with remainder to the next of kin of the husband. The averment was in this form: "That by the statute laws of Kentucky, at the time of the death of said Henry B. Haley," (the husband) "and the allotment of dower to his widow as aforesaid, she was only entitled to a life-interest in the said negro Chaney and her increase, and the estate in remainder vested in the said Mary Ann," (the complainant). This court pronounced the averment insufficient—that it was simply a statement of what the pleader supposed to be the law of Kentucky.

When the complainant relies upon a contract, fair and valid on its face, tested by the law of this State, and it appears to have been made in another State, if the defendant asserts that it is invalid, because it offends the law of the place in which it was made, he must show the invalidity by his pleadings and proof.— *Campion v. Kille*, 1 McCarter, (N. J.) 229. In such case, the answer would not be responsive, and the matter of defense must be averred with certainty, and proved. As a general rule, usury must be specially pleaded at law and in equity. And if the usury consists in the violation of the law of a State, other than that in which the enforcement of the contract is sought, the law is matter of fact, which must be pleaded with the certainty that any extrinsic fact must be pleaded, which is essential to a right of action, or to constitute a defense. The pleader may be well satisfied of his construction of the foreign law, and may assert it as the law itself; that is not his province. The law must be substantially stated; and the facts must be averred which are supposed to constitute its violation. Then, the court can determine whether the facts—the foreign law, which is but a fact—and the transaction supposed to offend

it, compel a repudiation of the contract.—Tyler on Usury, 459; *Cutler v. Wright*, 22 N. Y. 472.

The original answer, though made a cross-bill for dis-covery, does not aver the invalidity of the mortgage. It claims only a deduction of usurious interest from the mort-gage debt, and payments averred not to have been credited. The amended answer avers the debt was contracted in Geor-gia, and that the mortgage was there executed. It is further averred, the rate of interest fixed by the law of Georgia was seven per centum per annum, and that *the effect* of the law was to annul and make void contracts for usury, the princi-pal sum and interest being recoverable. The answer then proceeds: "And that at the time of the execution and de-livery of said note and mortgage, under and by virtue of said statute laws of Georgia, all titles to property made as a part of an usurious contract or to evade the usury laws of such State are void." Subjecting these averments to the rules we have stated, they are not averments of fact, but of the conclusions of the pleader. It results, therefore, if the law of Georgia is to determine the validity of the mortgage, and if it be violative of the law of that State, the fact is not so pleaded that the court could declare it invalid. The pre-sumption is, that the common law prevails in the several States, having a common origin. Until the contrary is pleaded and proved, it must be presumed to be the law of Georgia, and there is no fact averred or proved, which would render the mortgage offensive to, or violative of the common law.

The Code provides the method of proving the statutes of a sister State, when they become material facts in suits pending in our courts. A certified transcript from the statutes as deposited in the office of the Secretary of this State, or the printed volume, purporting on its face to be published by the authority of the sister State, is received as sufficient evidence.—Code of 1876, § 3045. The unwritten law, or the judicial decisions, may be proved by the pro-duction of the reports of adjudged cases, accredited in the particular State.—*Judge v. Murphy*, 10 Ala. 885; *Sydney v. White*, 12 Ala. 728. Either is a fact which must be proved, and of which the courts cannot take judicial notice. The clause of the statute of Georgia, against usurious contracts, which it is supposed renders the mortgage void, it seems the courts of that State do not construe as embracing mortgages. *Sugart v. Maye*, 54 Ga. 554; *Caswell v. Hartridge*, 55 Ga. 412. The theory of a mortgage which there prevails, is, that it does not convey title to the mortgagee—it is a mere security for a debt, the title remaining in the mortgagor, until a fore-

closure and sale in the mode pointed out by the statutes of the State.—*Davis v. Anderson*, 1 Kelly, 176 ; *U. S. v. Athens Armory*, 35 Ga. 358. These decisions form no part of the present record, were not proved as facts in the Court of Chancery, and cannot, consequently, be made the foundation of a judgment in this court.

The general rule is, that where interest is expressly or impliedly to be paid upon contracts, the law of the place where they are made, or the law of the place where they are to be performed, if made in one place, and performance in another is stipulated, regulates and controls the rate of interest. *DeWolf v. Johnson*, 10 Wheat. 383 ; *Andrews v. Pond*, 13 Pet. 65 ; *Hanrick v. Hall*, 9 Port. 9 ; *Hunt v. Hall*, 37 Ala. 702. The mortgagor and mortgagees were domiciled in Georgia ; all the transactions between them occurred in that State. The note was made and the mortgage was there executed, neither designating any particular place of payment. The indisputable presumption is, that the law of Georgia regulates and controls the rate of interest.—*Moore v. Davidson*, 18 Ala. 209. The principle cannot be controverted, that the nature, validity and construction of contracts are to be determined by the law of the place where made, performance not being promised in another place. If the contract is valid according to that law, or to the extent to which it is valid, it will have the same force and effect everywhere, unless it offends the positive law or violates the public policy of the country in which its enforcement is sought. If, on the final hearing, it shall be ascertained that the mortgage is not made in violation of the statutes of Georgia—that in that State, it would be an operative security for the principal and lawful interest, excluding the usurious or illegal interest, the same operation must be given to it in the courts of this State.

The decree of the Chancellor must be reversed and the cause remanded.