# Beckley *v.* U. S. Savings & Loan Co.

*Bill to Enjoin Foreclosure of Mortgage and Declare it a Usurious Contract.*

(Decided April 10th, 1906.  140 So. Rep. 655.)

1. *Building and Loan Associations; Membership; Loans; Evidence.*
   —Where the proof shows that a party applied for membership in a corporation and received shares and afterwards borrowed money and executed a mortgage, such party occupies a dual

[Beckley v. U. S. Savings & Loan Co.]

relation and his contention that the contract is void is not supported by the proof.

2. *Same; Usurious Contract; Premiums; Foreign Law.*—The fact that a premium was charged for a loan made, in Alabama by a Minnesota corporation, did not render the loan usurious, where the Minnesota laws, which govern the contract, expressly provide that premiums shall not make the contract usurious.

3. *Same; Bidding.*—The fact that the money borrowed was not put up to the highest bidder did not render the mortgage invalid or usurious, it having been expressly held otherwise by the Minnesota Court.

4. *Evidence; Foreign Laws; Proof.*—The opinion of the court of a foreign state is properly admitted in evidence to show the construction given the statutes of that state.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by William G. Beckley against the United States Savings & Loan Company. From a judgment in favor of defendant, plaintiff appeals.

The appellant filed this bill against appellee to enjoin the foreclosure of a mortgage, to declare the same a usurious contract, and for an accounting to ascertain the amount received as loan on the mortgage, together with the payment made on same, and to be relieved of the usury by paying the full amount borrowed, together with such interest as the court should adjudge he ought in equity to pay. The bill also sets up by way of amendment to the original bill a violation or noncompliance by the respondent with the laws of said state, and also that he was not a member of the corporation at the time the mortgage was executed, and that therefore the contract is void.

SAM WILL JOHN, for appellant.—If Beckley was not a member of the corporation the contract is void and cannot be enforced here or elsewhere. Under the evidence it clearly appears that he was not a member when the loan was made, and did not become a member until after that time.—*Falls v. U. S. S. & Co.*, 87 Ala. 426; *Williar v. Balto. B. L. & A. Assn.*, 45 Md. 546; *Cent. B. & L. Asso. v. Lampson*, 60 Minn. 422; *Beckley's Case*, 137 Ala. 129.

[Beckley v. U. S. Savings & Loan Co.]

Under the laws of Minnesota, a loan made to a person not a member is void.—*National Investment Co. v. National S. L. & B. Asso.* 40 Minn. 517; *Cent. B. & L. Asso. v. Lampson, supra;* Sec. 2794, Gen. Stat. Minn.

WHITE & HOWZE, for appellee.—The present contract is a Minnesota contract and governed by the laws of that State.—*Beckley v. U. S. S. & L. Co.,* 137 Ala. 129. It is not usury to pay assessments on stock regularly and lawfully taken.—*Hughes v. B. & L. Asso.* 124 Ala. 669; *So. B. & L. Asso. v. Anniston,* 101 Ala. 582; *Sheldon's Case,* 121 Ala. 283; *Motes v. People,* 34 So. Rep. 344. There is nothing in the claim of appellant that the contract is invalid because the loan was not put up to competitive bidding.—*Cubbidge v. Napier,* 62 Ala. 520. The opinion of the Minnesota court was competent evidence and properly introduced.—*Cubbidge v. Napier, supra;* *Walker v. Forbes,* 31 Ala. 9; *Inge v. Murphy,* 10 Ala. 885.

ANDERSON, J.—This case has been here before, and is reported in 137 Ala. 119, 33 South. 934, 62 L. R. A. 33, 97 Am. St. Rep. 19. This court then held that this was a Minnesota contract and governed by the laws of that State, and we see no reason to depart from the rule then laid down. Indeed, this case seems to have been tried upon that theory, and the appellant has attempted by the amendments and proof to show a violation or noncompliance by the respondent with the laws of said state.

The appellant insists that the contract is void, because complainant was not a member of the corporation at the time the mortgage was executed. This contention is unsupported by the proof. On the other hand, the proof shows that he applied for membership, and received as a member 16 shares of stock in the company, before the mortgage was executed. It would therefore seem that he was a member, and after borrowing the money and executing the mortgage he occupied a dual position. He was a member and a borrower, and each position was separate and distinct from the other.—*Hayes v. Southern Home Building & Loan Association,* 124 Ala. 663, 26 South, 527, 82 Am. St. Rep. 216; *Southern Building &*

[Esslinger v. Herring.]

*Loan Association v. Anniston Loan & Trust Co.,* 101 Ala. 582, 15 South. 123, 29 L. R. A. 120, 16 Am. St. Rep. 138.

It is also contended that this loan is usurious, because the premium should be added to and included as a part of the interest. The statute set out in the amendment expressly declares that premiums shall not render the contract usurious. Section 2794, Gen. St. Minn. 1894, as set out in the record (page 61 of the transcript.) It did not render the mortgage invalid or usurious because the money was not put up to the highest bidder. This point has been decided adverse to the appellant in the case of *Zenith Association v. Heimbach,* (Minn. 79 N. W. 609, which opinion was introduced in evidence and appears on page 155 of the transcript. The opinion of the court of Minnesota was properly admitted in evidence to show the construction of the statutes governing the case at bar.—*Inge v. Murphy,* 10 Ala. 885; *Cubbedge v. Napier,* 62 Ala. 518; *Walker v. Forbes,* 31 Ala. 9.

The decree of the city court is affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, JJ., concur.