## JAMES J. BAKER AND ANOTHER v. J. B. RODGERS AND ANOTHER.[1]

February 5, 1937.

No. 31,112.

[1]Reported in 271 N. W. 241.

*A. H. Sanzenback* and *R. M. McCareins,* for appellants.
*C. E. Warner,* for respondents.

HOLT, JUSTICE.

Action for breach of the covenants in a deed. Findings for defendants, and plaintiffs appeal from the order denying a new trial.

There is no dispute as to the main facts. Plaintiff James Baker agreed to trade a house and two lots in Washburn, Wisconsin, for a lot in Minneapolis which defendant J. B. Rodgers owned. The agreement was oral and made through a real estate agent. Each party furnished the other with abstract of title a few days before the deeds were exchanged. The court on disputed evidence finds that it was agreed that if upon the examination the title to either property was defective, the party whose title was found defective should have a reasonable time within which to remove the defect; and in case the defect could not be cured the agreement was to be annulled; that neither party raised any objection to the title of the other, and on October 10, 1931, the deeds were delivered, properly executed by the respective parties. Defendants' deed contained this covenant: "That they are well seized in fee of the lands and premises aforesaid and have good right to sell and convey the same in manner and form aforesaid." Not until March, 1934, on the day this action was commenced, was any objection made to the title conveyed by defendants' deed. Plaintiffs allege that defendants had no title when the deed was delivered. The court found that within a reasonable time after defendants were informed of the alleged defect they procured a deed from a former owner and tendered the same to plaintiffs at the trial.

There are many assignments of error, but those challenging the facts found we hold not well taken. It is true that plaintiffs claimed that the abstracts were furnished at the time the deeds were exchanged and that there was no agreement as to curing defects if any were discovered. However, the court had the undoubted right to find defendants' version true.

150

The merits of the appeal are raised upon the refusal of the court to amend the findings as requested by plaintiffs. The answer admitted that defendants' deed contained the covenant set forth in the complaint, so there was no need of a finding to that effect. That the agreement to exchange real estate was oral was immaterial, for it was executed and became merged in the deeds. Whether written or oral, the prior agreement to exchange real estate could not vary or affect the covenants of the deeds which were subsequently delivered in pursuance of the agreement. The merit of the appeal is raised by the seventh assignment of error, *viz.*: "That the court erred in failing and refusing to find as a fact as follows: 'That defendants had no title to the lot described in their deed at the time said deed was given or at any time prior to the commencement of this action.'" We are of the opinion that plaintiffs failed to prove that defendants had no title to the lot conveyed, hence the court did not err in refusing to find as requested. To be sure, an abstract, certified to by Title Insurance Company of Minnesota, was received in evidence without objection; but that does not mean that the records referred to in the abstract are placed before the court. It cannot be that by merely introducing an abstract in evidence the court must go to the indicated books of the register of deeds and examine and make each instrument referred to a part of the evidence. It is enough to say that not a single instrument which is claimed to constitute a break in the chain of title is in the settled case. The statute referred to is 2 Mason Minn. St. 1927, § 9896, reading:

"In any action wherein the title to real property is in controversy, any abstract of title thereof, duly certified by any bonded abstractor or by any Register of Deeds of any county wherein said real property is situated, shall be received as prima facie evidence of all instruments therein referred to, together with the records thereof as recorded in the office of the Register of Deeds of such County."

It would seem necessary and essential to incorporate in the settled case that part, at least, of an instrument which proves the alleged defect in the title. In the instant case we take it from the brief

of counsel, not from the settled case, that in the foreclosure by advertisement of a mortgage, given by a purchaser of the lot in suit to the grantor, William H. Dawson, the administratrix of the latter's estate signed the power of attorney to foreclose the mortgage in her individual name, omitting to add "as administratrix of the estate of William H. Dawson." The foreclosure took place in March, 1921. Before this action was begun the defect mentioned was cured by L. 1931, c. 237, § 1, subd. 36, and L. 1933, c. 437, § 1, subd. 36. These acts purport to cure, among other defects, in mortgage foreclosures: "That the power of attorney to foreclose a real estate mortgage constituting part of the assets of the estate of a deceased person was signed by the representative of the estate as an individual, rather than in a representative capacity." This action was not begun until nearly a year after the passage of the last named curative act. So the title, as far as concerns that defect, was good when the action was begun. The entry on the abstract of the foreclosure sale would indicate that Amanda J. Dawson, the administratrix of the estate of William H. Dawson, bid in the lot, and that thereafter Amanda J. Dawson, widow, conveyed it. Neither the sheriff's certificate of the foreclosure nor the deed executed by Amanda J. Dawson, widow, are in the settled case, and the court was not required to find that between the sheriff's certificate and the conveyance mentioned there was a break in the chain of title. It appears from the abstract entries that William H. Dawson and Amanda J. Dawson, his wife, platted the addition wherein is the lot 24 conveyed to plaintiffs. Also, that Dawson and wife conveyed four of the lots platted to Lulu V. Forsyth, who with her husband executed a mortgage on the same for $625 to William H. Dawson, having a provision that either lot 24 or lot 26 should be released on payment of $200; and either lot 19 or lot 20 on payment of $150. This is the mortgage entered as No. 46 on the abstract and which was foreclosed as stated. The abstract also contains two entries, Nos. 53 and 54, as "satisfaction of Mtg. No. 46," the one dated March 7, 1921, filed December 28, 1922, and the other dated July 28, 1925, filed August 6, 1925. Neither instrument is part of the settled case. Since the mortgage

covered four lots with provision for the release of any one lot on payment of a certain sum, the court should not be asked to find that in these abstract entries a break occurred in the chain of title. We hold that plaintiffs did not produce sufficient proof to call for a finding that there was a breach of the covenant of seizin and title in defendants' deed to them of this lot 24 when this action was begun; hence there was no error in the refusal to amend the finding as requested by plaintiffs. The curative acts seem effective under Farnsworth L. & R. Co. v. Commonwealth T. I. & T. Co. 84 Minn. 62, 86 N. W. 877. See also Curtiss & Yale Co. v. City of Minneapolis, 123 Minn. 344, 144 N. W. 150; Jenkins v. Union Sav. Assn. 132 Minn. 19, 155 N. W. 765.

Plaintiffs are entirely right in their legal contentions, which are well expressed in a paragraph of the syllabus in Resser v. Carney, 52 Minn. 397, 54 N. W. 89:

"A purchaser of vacant real estate, receiving a deed thereof, with a covenant of seisin, from one who has no title, the covenant being wholly broken, is not *compelled,* at least after he has commenced an action for the breach of the covenant, for the recovery of the purchase money paid, to accept a title which his grantor may then acquire."

The opinion treats the subject of the covenant of seizin and the remedies and defenses for a breach thereof quite fully. The difficulty with plaintiffs' case is that there is a failure of proof of the breach. That being so, the rulings on evidence assigned as error become immaterial, for none went to exclude proof of want of title in defendants when they executed and delivered the deed containing the covenant of seizin sued on.

The order is affirmed